IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DERRICK WADE SMITH                                                                                  PLAINTIFF
ADC #191630

v.                                              4:24-cv-00229-DPM-JJV

UNITED STATES OF AMERICA; *et al.*                                                          DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.   DISCUSSION

Derrick Wade Smith is a pretrial detainee at the Pulaski County Regional Detention Facility ("PCRDF"). In March 2024, he filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 2.) Soon thereafter, I issued an Order pointing out several pleading deficiencies, giving him the opportunity to amend his complaint to cure them, and cautioning him that an amended complaint would render his prior one without legal effect. (Doc. 3.) Since then, Plaintiff has filed an Amended Complaint alleging he was subjected to inhumane conditions of confinement and called offensive names due to his sexual orientation. (Doc. 7.) After careful consideration, I conclude the Amended Complaint fails to state a plausible claim for relief for the following reasons.

First, all claims against the United States of America, PCRDF, and Pulaski County Sheriff's Office should be dismissed with prejudice because they are not proper parties in a § 1983 action. *See Patel v. U.S. Bureau of Prisons,* 515 F.3d 807, 812 (8th Cir. 2008); *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *De La Garza v. Kandiyohi Cnty. Jail*, Case No. 01-1966, 2001 WL 987542 (8th Cir. Aug. 30, 2001); *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

This leaves Defendant Sheriff Higging, who has been sued in his official and individual capacities. Because there is no vicarious liability in § 1983 actions, to plead a plausible individual capacity claim against him, there must be facts suggesting the Sheriff, through his "own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (2009). And to plead a plausible official capacity claim against him, which is actually a claim against Pulaski County, there must be facts suggesting the constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *See Hall v. Higgins*, 77 F.4th 1171, 1178 (8th Cir. 2023); *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019). Because the Amended Complaint does not provide any such facts, I conclude Plaintiff has failed to state a plausible claim against Defendant Higging in his official or individual capacities.

## II.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's claims against Defendants United States of America, PCRDF, and the Pulaski County Sheriff's Office be DISMISSED with prejudice.

2. Plaintiff's claims against Defendant Higging be DISMISSED without prejudice.

3. This case be CLOSED.

4. Dismissal be counted as a "strike," under 28 U.S.C. § 1915(g).

5. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from this Order would not be taken in good faith.

DATED this 3rd day of May 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE